UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXSEY PREDYBAYLO,<br><br>Plaintiffs,<br><br>v.<br><br>SACRAMENTO COUNTY et al.,<br><br>Defendant. | No. 2:19-CV-01243-MCE-CKD<br><br><br><br>ORDER |

Before the court are two motions by defendants seeking protective orders to prevent the depositions of three people: (1) Sacramento County Sherriff R. Scott Jones; (2) Sacramento County Captain Eric Buehler; and (3) former Sacramento County Chief Deputy Jennifer Freeworth.  ECF Nos. 17, 23. Plaintiff filed oppositions, ECF Nos. 24, 25, and defendants filed replies. ECF Nos. 26, 27.  On July 15, 2020, the court held a virtual hearing on the motions pursuant to Eastern District of California's General Order 618, at which counsel for both parties presented oral arguments.  After considering the documents and arguments submitted by the parties, the court finds as follows:

**I.   Background**

This action arises from an allegedly unlawful strip search that occurred at the Sacramento County Main Jail.  According to plaintiff, after completing the booking process at the Main Jail, plaintiff was taken by a group of officers to an unmarked, windowless room with a concrete floor.

Plaintiff was not handcuffed.  As plaintiff entered the room, he noticed that the video camera was covered by a post-it note.  Plaintiff alleges that he was ordered to put his hands behind his back and one of the officers grabbed plaintiff's thumbs and told plaintiff to relax his thumbs.  Plaintiff relaxed his thumbs, but the officer became angry and said he was not relaxing them enough.  Then other officers grabbed plaintiff's legs and pulled backwards on them, causing plaintiff to fall face first onto the concrete floor.  Plaintiff was unable to use his hands to block the fall because the officer behind him held onto his hands as he went down.  Plaintiff alleges that he lost consciousness for an unknown amount of time.

Plaintiff is now suing County of Sacramento for (1) unlawful use of force under 42 U.S.C. section 1983, (2) deliberate and callous disregard for inmate's medical problems under 42 U.S.C. section 1983, and (3) a <u>Monell</u> claim.  ECF No. 9.

Plaintiff's counsel noticed a deposition under Federal Rule of Civil Procedure 30(b)(6) of a person most knowledgeable of the Main Jail's use of force and strip search policies and practices.  Defendants designated Lieutenant Mayes as the person most knowledgeable.  On March 30, 2020, plaintiff deposed Mayes.

After Mayes's deposition, plaintiff requested the deposition of the person responsible for creating the Main Jail's use of force and strip search policies.  Plaintiff alleges that defense counsel failed to identify an individual after repeated requests, and as a result, plaintiff unilaterally noticed the deposition of Sheriff Jones, presuming that Jones is ultimately responsible for creating and approving such policies.  Plaintiff also noticed the depositions of Captain Buehler and former Chief Deputy Freeworth because they played a role in the Internal Affairs (IA) investigation of plaintiff's incident.  Neither Captain Buehler nor former Chief Deputy Freeworth are named as defendants.

Defendants ask the court to enter a protective order forbidding all three depositions under the "apex" deposition doctrine.  Defendants argue that all three individuals are high-ranking government officials without personal knowledge of the incident giving rise to this litigation, and that the depositions are harassing and unduly intrusive.

/////

## II. Discussion

Under Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, forbidding a deposition or limiting its scope. Fed. R. Civ. P. 26(c)(1); Apple Inc. v. Samsung Elecs. Co., Ltd, 282 F.R.D. 259, 262 (N.D. Cal. 2012). When a party seeks the deposition of a high-ranking government or corporate official (a so-called "apex" deposition), there is "tremendous potential for abuse or harassment." Apple Inc. v. Samsung Elecs. Co., Ltd, 282 F.R.D. 259, 263 (N.D. Cal. 2012). As such, courts have developed the "apex" doctrine, which provides a framework for determining whether "good cause" exists to forbid the deposition under Rule 26(c). Smith v. City of Stockton, No. 2:15-CV-0363-KJM-AC, 2017 WL 11435161, at *2 (E.D. Cal. Mar. 27, 2017).

Under the apex doctrine, an individual objecting to a deposition must first demonstrate he is sufficiently high-ranking to invoke the doctrine's protection." Estate of Levingston v. Cty. of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017). Upon this showing, the court then considers: "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case; and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." Id.

Courts are inconsistent as to whether the party resisting the discovery or the party seeking to depose the high-ranking official bears the burden related to whether the deposition should go forward. See Estate of Levingston v. Cty. of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017). In their reply briefing, however, defendants agree that it is their burden to persuade the court that a protective order should issue. ECF Nos. 26 at 5:8-12, 27 at 3:16-20 ("Defendant agrees that it has the burden to persuade the court that a protective order should issue to proscribe the taking of the deposition[s].") As such, defendants must demonstrate that Jones, Buehler, and Freeworth each meet the criteria for protection under the apex doctrine. As discussed below, the court finds that defendants have satisfied their burden with respect to Jones, but have not satisfied their burden with respect to Buehler and Freeworth.

/////

A.     Sheriff Jones

Defendants have demonstrated that the apex doctrine applies to a county sheriff, such as Sheriff Jones. See, e.g., Anderson v. Cty. of Contra Costa, No. 15-CV-01673-RS (MEJ), 2017 WL 930315, at *4 (N.D. Cal. Mar. 9, 2017) (The Contra Costa County Sheriff "is an apex employee or high-ranking official, to whom the apex doctrine applies."). Thus, the court must consider whether (1) Jones has unique first-hand, non-repetitive knowledge of the facts at issue in the case; and (2) plaintiff has sufficiently exhausted other less intrusive methods for obtaining the discovery sought from Jones.

Defendants argue that Jones "has no personal knowledge of the incident giving rise to this litigation." ECF No. 17 at 2. Plaintiff agrees to some extent, conceding that "[p]laintiff is not going to ask Sheriff Jones if he had first-hand knowledge of the incident . . . [Jones] was not a percipient witness." ECF No. 24 at 8. Instead, plaintiff argues that Jones has unique first-hand knowledge about "the creation of the written strip search policy, including whether he approved the [policy] as written and/or as stated orally by Lieutenant Mayes." Id.

But the evidence suggests that Sheriff Jones lacks personal knowledge of the creation of the strip search policy. When plaintiff's counsel asked who would be the appropriate person to testify on the matter, defense counsel indicated that Lieutenant Mayes was the appropriate person, who plaintiff had already deposed. ECF No. 17-2 at 23. Indeed, plaintiff's counsel acknowledges that he noticed the deposition of Sheriff Jones on the "presumption" that Jones was the ultimate policy maker and had the ultimate authority to change the policy.[1] ECF Nos. 24-1 at 2 ¶ 6, 24-1 at 79. (emphasis added). The record suggests that plaintiff's presumption is incorrect. ECF No. 17-2 at 23. Thus, the court cannot find that Jones has unique first-hand knowledge of facts at issue in the case.

Similarly, the record does not show that plaintiff has exhausted less intrusive means to obtain the discovery sought. Although plaintiff's counsel deposed Mayes as a person most knowledgeable on topics such as the jail's strip search and use of force policies, plaintiff's

---

[1] Plaintiff's counsel stated at oral argument that he would be amendable to deposing a different individual, if Sheriff Jones lacked personal knowledge of the information sought.

4

counsel contends that Mayes made clear "he did not make any policy and he could not answer when or why the policy was made." ECF No. 24 at 6. But plaintiff's counsel does not direct the court to the portions of Mayes's deposition testimony that show Mayes lacked knowledge of the information plaintiff now seeks from Jones. Plaintiff now seeks to inquire about policy-related matters—such as how long the strip search policy has been in effect, why there are no written criteria about when to use non-force means, and who drafted the strip search policy—but the record does not show that plaintiff's counsel first asked these questions to Mayes.[2] Absent evidence that plaintiff's counsel attempted to obtain this information from Mayes, the court cannot find that plaintiff's counsel has attempted less intrusive methods before seeking to obtain the information from Jones.

Accordingly, the court finds good cause to issue a protective order forbidding the deposition of Sheriff Jones.

      B.      Captain Buehler and Chief Deputy Freeworth

With regard to Buehler and Freeworth, the court questions whether the apex doctrine applies. Although courts have clearly applied the apex doctrine to county sheriffs, defendants have not cited any authority demonstrating that the doctrine can extend to lower ranking police officials, such as a Captain or Chief Deputy. Instead, to support their argument that Buehler and Freeworth are sufficiently high-ranking officials to whom the apex doctrine applies, defendants cite Thomas v. Cate, 715 F. Supp. 2d 1012 (E.D. Cal. 2010), arguing that the California Governor's Legal Affairs Secretary was held to be sufficiently high ranking "to implicate the deposition privilege." ECF No. 23 at 9.

Notwithstanding the difficulties in analogizing the Governor's Legal Affairs Secretary to a police Capitan or Chief Deputy, defendants' argument is unpersuasive because in Cate, the court did not apply the apex doctrine; instead, the court appears to apply a different deposition privilege applicable to high-ranking government officials, using a different legal standard. Id. at 1047. In

---

[2] When asked whether there was anybody more senior "who is responsible for reviewing or understanding the use of force policies for the sheriff's department," Lieutenant Mayes testified that he did not know if there is anyone senior to him, but he is "one of the long-time people that the Department uses for use of force." ECF No. 24-1 at 62:14-19.

1  any event, in Cate, the court held that although the California Governor was entitled to the
2  deposition privilege, the Executive Officer of California's Board of Parole Hearings was not,
3  because he was not sufficiently high ranking.  Id.

4  Here, defendants have not carried their burden to show that the apex doctrine applies to
5  Captain Buehler and Chief Deputy Freeworth.  Defendants do not cite any authority to suggest
6  that the apex doctrine extends as far down the chain of command as defendants urge.  And even
7  assuming for argument that the deposition privilege analysis in Cate were to apply, Captain
8  Buehler and Chief Deputy Freeworth are more analogous to the Executive Officer of California's
9  Board of Parole Hearings, to whom the privilege did not apply, than to the Governor of
10 California, to whom it did.

11 Furthermore, even if the apex doctrine were to apply, Buehler and Freeworth would not be
12 entitled to its protection because they have personal knowledge of this case.  See Estate of
13 Levingston v. Cty. of Kern, 320 F.R.D. 520, 526–27 (E.D. Cal. 2017) (In general, "when a
14 witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or
15 CEO is subject to deposition.").  Specifically, plaintiff argues that both Buehler and Freeworth
16 possess unique, first-hand knowledge about the case because they authored memorandums
17 concerning the Internal Affairs report that was prepared as a result of incident giving rise to this
18 suit.  ECF No. 25 at 3.  Defendants respond that Buehler and Freeworth did not conduct the
19 investigation themselves or interview any of the individuals involved—they merely reviewed the
20 reports and issued their memorandums as part "of the chain of command."  ECF No. 23 at 3.

21 Buehler's and Freeworth's roles are sufficient to give them personal, first-hand knowledge
22 of this case.  Unlike Sherriff Jones, Buehler and Freeworth personally authored memorandums
23 concerning the internal investigation of plaintiff's incident.  Although their memorandums were
24 allegedly based on the reports of lower level officers, the "chain of command" required Buehler
25 and Freeworth's involvement.  Indeed, Lieutenant Mayes testified that both Buehler and
26 Freeworth would, at least to some extent, likely "be in the loop" regarding the investigation into
27 plaintiff's incident.  ECF No. 24-1 at 38:25-39:19.  Thus, although Buehler and Freeworth may
28 lack personal knowledge of the incident itself, they possess personal knowledge of the subsequent

1 | investigation, which is relevant to plaintiff's claims.³

2 | Accordingly, defendants have not shown that good cause exists to forbid the deposition of
3 | Buehler and Freeworth. The request for a protective order as to these two individuals should be
4 | denied.

5 | **CONCLUSTION**

6 | Accordingly, IT IS ORDERED that defendants' motion for protective order to prevent the
7 | deposition of Scott Jones (ECF No. 17) is GRANTED, defendants' motion for protective order to
8 | prevent the depositions of Eric Buehler and Jennifer Freeworth (ECF No. 23) is DENIED.

9 | Dated: July 17, 2020

10 | _____
  | CAROLYN K. DELANEY
11 | UNITED STATES MAGISTRATE JUDGE

17 | 17.1243.po

---

³ During oral argument, defendants argued that—irrespective of the apex doctrine—the court should prohibit the depositions of Buehler and Freeworth using its general authority to limit discovery that is unduly burdensome or disproportional to the needs of the case. The court declines to do so, because defendants have not sufficiently shown that the depositions would in fact be unduly burdensome or disproportional to the case's needs.