1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALEXSEY PREDYBAYLO,                    No.  2:19-cv-01243-MCE-CKD

12                 Plaintiff,

13        v.                                ORDER

14   SACRAMENTO COUNTY et al.,

15                 Defendants.

16

17        On October 7, 2020, the court held an informal telephonic discovery call, as requested by

18   the parties.  Patrick Dwyer appeared for plaintiff, and Matthew Gross appeared for defendants.

19   Plaintiff asked the court to lift the protective order that was previously issued to prevent the

20   deposition of Sacramento County Sheriff Scott Jones.  Defendants argued that the protective

21   order should remain in place.  For the reasons below, the court will deny plaintiff's request and

22   keep the protective order in place.

23   **I.    BACKGROUND**

24        This action arises from an allegedly unlawful strip search that occurred at the Sacramento

25   County Main Jail.  According to plaintiff, after completing the booking process at the Main Jail,

26   plaintiff was taken by a group of officers to an unmarked, windowless room with a concrete floor.

27   plaintiff was not handcuffed.  As plaintiff entered the room, he noticed that the video camera was

28   covered by a post-it note.  Plaintiff alleges that he was ordered to put his hands behind his back

1  and one of the officers grabbed plaintiff's thumbs and then told plaintiff to relax his thumbs.

2  Plaintiff relaxed his thumbs, but the officer became angry and said he was not relaxing them

3  enough.  Then the other officers grabbed his legs and pulled backwards on them, causing plaintiff

4  to fall face first onto the concrete floor.  Plaintiff was unable to use his hands to block the fall

5  because the officer behind him held onto his hands as he went down.  Plaintiff alleges that he lost

6  consciousness for an unknown amount of time.

7      Plaintiff is now suing County of Sacramento for (1) unlawful use of force under 42 U.S.C.

8  section 1983, (2) deliberate and callous disregard for inmate's medical problems under 42 U.S.C.

9  section 1983, and (3) a Monell claim.  ECF No. 9.

10     Plaintiff's counsel noticed a deposition under Federal Rule of Civil Procedure 30(b)(6) of

11  a person most knowledgeable of the Main Jail's use of force and strip search policies and

12  practices.  Defendants designated Lieutenant Mayes as the person most knowledgeable.  On

13  March 30, 2020, plaintiff deposed Mayes.

14     After Mayes's deposition, plaintiff requested the deposition of the person responsible for

15  creating the Main Jail's use of force and strip search policies.  Plaintiff alleges that defense

16  counsel failed to identify an individual after repeated requests, and as a result, plaintiff

17  unilaterally noticed the deposition of Sheriff Jones.  Plaintiff also noticed the depositions of

18  Captain Buehler and former Chief Deputy Freeworth, because they played a role in the Internal

19  Affairs (IA) investigation of plaintiff's incident.

20     Defendants moved for protective orders to prevent all three depositions under the "apex"

21  deposition doctrine.  On July 17, 2020, the court granted defendant's motion to prevent the

22  deposition of Jones, but denied defendant's motion to prevent the depositions of Buehler and

23  Freeworth.  (ECF No. 29.)

24     On August 27, 2020, plaintiff took the depositions of Buehler and Freeworth.  Plaintiff

25  argues that after deposing Buehler and Freeworth, there are still unanswered questions related to

26  the department's use of force policy that only Sheriff Jones can answer.  As such, plaintiff asks

27  the court to lift the protective order and allow plaintiff to depose Sheriff Jones.

28     The parties have filed a Joint Statement, which reiterates many of the arguments presented

2

1    to the court during the initial protective order hearing.  (ECF No. 30.)

2    **II.    Discussion**

3        In July, when the court granted defendant's request to prevent the deposition of Sheriff

4    Jones, it did so under the apex doctrine.  Under the apex doctrine, an individual objecting to a

5    deposition must first demonstrate he is sufficiently high-ranking to invoke the doctrine's

6    protection." Estate of Levingston v. Cty. of Kern, 320 F.R.D. 520, 525 (E.D. Cal. 2017).  Upon

7    this showing, the court then considers: "(1) whether the deponent has unique first-hand, non-

8    repetitive knowledge of the facts at issue in the case; and (2) whether the party seeking the

9    deposition has exhausted other less intrusive discovery methods." Id.

10       The court issued the protective order because it found that (1) Sheriff Jones lacked

11   personal knowledge of the creation of the policy for using force during strip searches, and (2)

12   plaintiff had not exhausted less intrusive means to obtain the requested information, because

13   plaintiff had not first asked Lieutenant Mayes the questions that he was seeking to ask Sheriff

14   Jones.  Here, plaintiff has not presented the court with new information that changes either of

15   these findings.

16       The only difference between the facts now versus the facts as they were when the court

17   issued the protective order preventing the deposition of Sheriff Jones is that plaintiff has now

18   deposed Buehler and Freeworth.  Plaintiff argues that Buehler and Freeworth provided varying

19   interpretations of the department's written use of force policy as it relates to strip searches, and

20   "[w]ith the obvious confusion and ambiguity as to what the actual strip search policy is, plaintiff

21   now needs to obtain definitive answers from Sheriff Jones to some simple questions, including:

22           1.  What is the actual policy of the Sheriff's department with respect
                to the use of force to gain compliance with an order to conduct a
23              strip search: can officers go directly to the use of force to obtain
                compliance with an order for a strip search, or do officers first
24              have to use nonforce means as stated in the written policy
                document Operations Order Prison Searches, Subsection II.A.k
25              (1)-(4)?

26           2.  If the actual policy is as written in Operations Order Prison
                Searches, Subsection II.A.k (1)-(4), why is this not enforced? Is
27              it a facilities problem?

28           3.  Should officers be allowed to use force to gain compliance when

                                        3

non-force means are possible, but have not been tried?

(ECF No. 30 at 3-4.)  In short, plaintiff argues that it "has now exhausted all possible avenues for obtaining the discovery [sought] and the only means left for obtaining the answers . . . pertaining to his Monell claim is to take the deposition of Sheriff Scott Jones."  Id. at 2.

As defendants note in the Joint Statement, plaintiff's argument is unpersuasive for two reasons.  First, the court previously found that—under the apex doctrine—deposing Sheriff Jones was inappropriate because Sheriff Jones lacked personal knowledge about the creation of the strip search policy.  (ECF No. 29 at 4:15-23.)  This fact is unchanged.  Even if plaintiff were permitted to depose Sheriff Jones, the evidence presented at the protective order hearing suggested that Sheriff Jones would be unable to provide plaintiff with the information sought.  Second, the court also previously found that deposing Sheriff Jones was inappropriate under the apex doctrine because plaintiff had not asked Lieutenant Mayes the questions that plaintiff sought to ask Sheriff Jones.  Although plaintiff claims that he has now asked these questions to Beuhler and Freeworth, and that neither of them were able to provide satisfactory answers, plaintiff still has not asked these questions to Mayes.  And Mayes is the critical individual to ask, because defendant designated him as the person most knowledgeable to answer questions related to the department's policy for using force during strip searches.[1]  Thus, plaintiff still has not exhausted his alternative means of obtaining the information sought, because he still has not asked Mayes the questions that he seeks to ask Jones.[2]

/////

/////

/////

/////

/////

---

[1] As the court noted in its July 17, 2020 order, plaintiff has failed to direct the court to portions of Mayes's deposition transcript that show plaintiff asked Mayes the questions that plaintiff seeks to ask Jones.

[2] During the informal discovery conference call, plaintiff's counsel proposed taking Sheriff Jones's deposition by written questions, rather than by oral testimony.  Modifying the form of the deposition, however, does not allay the court's concerns and does not change the court's opinion.

III.     **CONCLUSION**

For the foregoing reasons, the court DENIES plaintiff's request to lift or modify the July 17, 2020 protective order preventing the deposition of Sheriff Scott Jones.

Dated:  October 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.1243.informdisc

5