UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXSEY PREDYBAYLO,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY,<br>CALIFORNIA, et al.<br><br>Defendants. | No. 2:19-cv-01243-MCE-CKD<br><br>**ORDER** |

Following a grant of summary judgment in their favor on June 17, 2022, Defendants Sacramento County, Benjamin Gonzales, Jarrod Hopeck, Robert Ranum, and Jeffrey Wilson (collectively, "Defendants") submitted an Amended Bill of Costs. ECF No. 67. On July 27, 2022, the Court taxed costs in the amount of $6,477.66 against Plaintiff Alexsey Predybaylo ("Plaintiff"). ECF No. 68. Presently before the Court is Plaintiff's Motion to Reduce Amount of Taxed Costs. ECF No. 69. For the reasons set forth below, Plaintiff's Motion is GRANTED in part and DENIED in part.[1]

Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit "should be allowed" to recover its costs "[u]nless . . . a court order provides otherwise."

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

1    Fed. R. Civ. P. 54(d).  As this language suggests, the ultimate decision on whether to

2    award costs is a matter within the court's discretion.  Ass'n of Mexican-Am. Educators v.

3    State of Cal., 231 F.3d 572, 591–92 (9th Cir. 2000).  If the court declines to award costs

4    as requested by the prevailing party, however, it should specify its reasons for doing so.

5    Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002).  The Ninth Circuit has held that

6    "a district court need not give affirmative reasons for awarding costs; instead, it need

7    only find that the reasons for denying costs are not sufficiently persuasive to overcome

8    the presumption in favor of an award.  The presumption itself provides all the reason a

9    court needs for awarding costs."  Save Our Valley v. Sound Transit, 335 F.3d 932, 945

10   (9th Cir. 2003).  There consequently is a presumption that the prevailing party will be

11   awarded costs.

12          Plaintiff asks the Court "to use its discretion to further reduce costs because of the

13   financial disparity between the parties and the serious financial hardship on Plaintiff from

14   any sizeable cost award."  ECF No. 69-1, at 2.  According to Plaintiff, he lives with his

15   partner and seven-year-old son and their combined monthly net income is typically

16   $2,750.  See Predybaylo Decl., ECF No. 69-2 ¶¶ 2–5 (stating that Plaintiff works full-time

17   as a warehouse worker for a distribution center on the graveyard shift and his partner

18   works part-time at a restaurant).  However, after paying monthly expenses such as rent,

19   medical, and utilities, "[m]ost months [they] have nothing left over, but in a few months

20   [they] may have $25–50 [] left, which [they] save for extra expenses that will come in

21   future months."  Id. ¶ 5.  Plaintiff also states that he has no assets other than personal

22   belongings.  Id. ¶ 6.

23          "Appropriate reasons for denying costs include:  (1) the substantial public

24   importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the

25   chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and

26   (5) the economic disparity between the parties."  Escriba v. Foster Poultry Farms, Inc.,

27   743 F.3d 1236, 1247–48 (9th Cir. 2014); see also Stanley v. Univ. of S. Cal., 178 F.3d

28   1069, 1079–80 (9th Cir. 1999) (finding the district court abused its discretion when failing

to consider, in part, the plaintiff's limited financial resources).  The Ninth Circuit has approved denials of awarding costs to a prevailing party in cases where the losing party has limited financial resources.  See Ass'n of Mexican-Am. Educators, 231 F.3d at 592.

Regarding Plaintiff's limited financial resources and the economic disparity between himself and Defendant Sacramento County, the Court finds both factors tip in Plaintiff's favor.  However, the Court finds only a minor reduction of costs is warranted in light of the general presumption in favor of the prevailing party.  See, e.g., Santopietro v. Howell, No. 2:12-cv-01648-JCM-PAL, 2014 WL 6968070, at *3 (D. Nev. Dec. 9, 2014) (finding plaintiff's limited financial resources warranted a reduction of costs based on sufficient evidence that plaintiff would be unable to pay the full amount of costs taxed); Powell v. Adlerhorst Int'l, Inc., No. 3:14-cv-01827-MO, 2017 WL 1371269, at *3 (D. Or. Apr. 12, 2017) ("[E]conomic disparity alone is not necessarily sufficient to overcome the presumption in favor of awarding costs. If it were, every case that involved economically disparate parties would warrant the denial of costs, making the presumption somewhat meaningless.") (citations omitted).  Accordingly, Plaintiff is entitled to a reduction in costs and the Court will reduce Defendants' award to $2,000.[2]

For the foregoing reasons, Plaintiff's Motion to Reduce Amount of Taxed Costs, ECF No. 69, is GRANTED in part and DENIED in part.  Costs are to be re-taxed in favor of Defendants in the reduced amount of $2,000.  This case remains closed.

IT IS SO ORDERED.

Dated:  September 21, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] As a result, the Court need not address Plaintiff's alternative argument that Defendants are not entitled to recover $2,512.30 for costs related to three video depositions.  See Pl.'s Mot. at 5–6.

3